Youssef H. Hammoud (SBN: 321934)
L. Tegan Rodkey (SBN: 275830)
**PRICE LAW GROUP, APC**
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
E: youssef@pricelawgroup.com
E: tegan@pricelawgroup.com
*Attorneys for Plaintiff,*
*Stephanie Stevens-Kahn*

# UNITED STATES DISTRICT COURT
## IN THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE STEVENS-KAHN,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ONE BANK (USA), N.A.,<br><br>Defendant. | Case No.: **'21 CV 1515 BTM MSB**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>1. Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*;<br>2. Intrusion Upon Seclusion |

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

Plaintiff Stephanie Stevens-Kahn ("Plaintiff" or "Ms. Kahn"), by and through her attorneys, alleges the following against Capital One Bank (USA), N.A. ("Capital One" or "Defendant"):

## <u>INTRODUCTION</u>

1.     Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment.  Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2.     Count II of Plaintiff's Complaint is based upon the Invasion of Privacy Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## <u>JURISDICTION AND VENUE</u>

3.     Jurisdiction of this court arises under 47 U.S.C. § 227 *et seq*. and 28 U.S.C. 1331.

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Because Defendant transacts business here, personal jurisdiction is established.

//

## **PARTIES**

5.      Plaintiff is a natural person residing in California.

6.      Plaintiff is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

7.      Defendant is bank holding company that provides consumer loans and credit with its principal place of business headquartered in McLean, VA. Defendant can be served through its registered agent, Corporation Service Company, located at 100 Shockoe Slip Fl. 2, Richmond, VA 23219-4100.

8.      Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurer.

## **FACTUAL ALLEGATIONS**

9.      Defendant is attempting to collect an alleged debt from Plaintiff.

10.      In or around December 2019, in an attempt to collect on an alleged consumer account, Defendant began contacting Plaintiff on her cellular phone number ending in 7691.

11.      On or about December 27, 2019 at approximately 12:15 p.m., Plaintiff answered a call from Defendant on her cell phone number. The representative indicated that Defendant was attempting to collect a debt.

12.      Plaintiff informed the representative that she couldn't make a payment, that she was only working part-time and was having a hard time making

ends meet, and she was doing everything she could to keep up with her bills.

13.     Further, Plaintiff informed the representative that she wanted to be contacted through the mail only and that when she was able to make a payment, she would call Defendant.

14.     Despite explaining her situation and revoking consent to be contacted on her cell phone, Defendant continued its assault of harassing automated debt collection calls to Plaintiff's cellular phone.

15.     Between December 27, 2019 and June 30, 2020, Defendant called Plaintiff on her cellular phone approximately two hundred (200) times.

16.     On an almost daily basis, Defendant would call Plaintiff, even calling her multiple times in a single day.

17.     Upon information and belief, each time Defendant called, there was a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

18.     Defendant often called Plaintiff multiple times in the same day, indicating the use of a random or sequential number generator to: a) determine the order in which to select phone numbers to be dialed from a preproduced list; and b) store and dial those numbers at a later time when Plaintiff did not answer.

19.     Upon information and belief, Defendant also called and texted, or attempted to call and text friends and family of Plaintiff, with the intention that they

would communicate to Plaintiff that Defendant was attempting to collect a debt from her, causing Plaintiff additional embarrassment and distress.

20.     Upon information and belief, Defendant called Plaintiff and delivered prerecorded or artificial voice messages.

21.     Upon information and belief, the phone system used by Defendant places more calls than there are collection representatives available, resulting in more calls made to Plaintiff.

22.     Upon information and belief, use of the automated telephone dialing system by Defendant allowed Defendant to call Plaintiff more times than it otherwise would have been able to had it dialed manually, increasing the harassing nature of the calls.

23.     Upon information and belief, Defendant's phone system is capable of placing tens of thousands of automated phone calls a day.

24.     Upon information and belief, Defendant's representatives did not review Plaintiff's account notes and/or file prior to initiating the collection calls to her cell phone and home phone.

25.     The phone system utilized by Defendant, in conjunction with Defendant's policies and procedures regarding collection on accounts were aimed at causing Plaintiff such distress and annoyance that she would make a payment, despite knowing she was not able to.

26.    Defendant's conduct was done willfully and knowingly.

27.    Defendant was aware that Plaintiff had revoked consent to be called, and despite this, Defendant continued to place automated debt collection calls to Plaintiff's cell phone and home phone.

28.    Defendant was aware that Plaintiff was unable to make a payment, and despite this, continued to place automated debt collection calls to Plaintiff's cell phone.

29.    Defendant's calls were excessive and done with the purpose of attempting to harass Plaintiff into making a payment on the account.

30.    Defendant caused Plaintiff's cell phone to ring repeatedly or continuously with the intention to annoy, abuse, or harass her.

31.    The conduct was not only willful but done with the intention of causing Plaintiff such distress, so as to induce her to pay the debt.

32.    Further, the conduct was done with such frequency so as to harass Plaintiff and cause her great annoyance.

33.    Plaintiff attempted to explain her situation and request that Defendant contact her in writing only in an attempt to get the calls to stop, however, Defendant continued to lay siege on Plaintiff's cell phone.

34.    Defendant's intrusion upon Plaintiff's seclusion was highly offensive to the reasonable person and far exceeded reasonable collection efforts.

COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant's conduct was especially unreasonable because it called relentlessly shortly after Plaintiff had explained she was not able to make a payment, was dealing with personal issues and wanted to be contacted in writing.

35.     Defendant acted maliciously and subjected Plaintiff to oppression.

36.     Due to Defendant's actions, Plaintiff has suffered from immense emotional and mental pain and anguish, including but not limited to, stress, anxiety, headaches, sleepless nights, embarrassment and humiliation.

## COUNT I
### (Violations of the TCPA, 47 U.S.C. § 227)

37.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38.     Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following:

a.  Within four years prior to the filing of this action, on multiple occasions,  Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to

a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

39.     As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
### (Intrusion Upon Seclusion)

40.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41.     Restatement of the Law, Second, Torts, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes… upon the solitude or seclusion of another, or her private affairs or concerns, is subject to liability to the

other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person".

42.     Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

    a.  Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite Plaintiff's request for the calls to cease.

    b.  The number and frequency of the telephone calls to Plaintiff by Defendant after Plaintiff's explanation of her financial situation and her request for the calls to cease constitute an intrusion on Plaintiff's privacy and solitude.

    c.  Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that often-interrupted Plaintiff's work.

    d.  Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

43.     As a result of Defendant violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages.

//

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Stephanie Stevens-Kahn, respectfully requests judgment be entered against Defendant Capital One Bank, N.A., for the following:

    A.    Statutory damages against Defendant pursuant to 47 U.S.C. § (b)(3)(B) and 47 U.S.C. § (b)(3)(C);

    B.    Actual damages against Defendant for its intrusion upon Plaintiff's seclusion;

    C.    Punitive damages against Defendant to be determined at trial, for the sake of example and punishing Defendant for its malicious conduct, pursuant to Cal. Civ. Code § 3294;

    D.    Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

    E.    Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

//

Respectfully submitted this 26th day of August 2021.

By: */s/ Youssef H. Hammoud*
Youssef H. Hammoud (SBN: 321934)
**PRICE LAW GROUP, APC**
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
E: youssef@pricelawgroup.com
*Attorneys for Plaintiff,*
*Stephanie Stevens-Kahn*